# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| **MICHAEL WELCH,** | § |
| *Plaintiff,* | § § § |
| v. | § § |
| **ROCKY MOUNTAIN HIGH BRANDS, INC., DAVID SEEBERGER, and CHARLES SMITH,** | § § §   **Civil Action No. _____** § § § |
| *Defendants.* | § § |

## PLAINTIFF'S COMPLAINT

Plaintiff Michael Welch ("Plaintiff" or "Welch"), by and through the undersigned counsel, files this Complaint against Defendants Rocky Mountain High Brands, Inc. ("RMHB"), David Seeberger ("Seeberger"), and Charles Smith ("Smith") (collectively, "Defendants"), and respectfully shows the following:

### I.   PARTIES

1. Plaintiff Michael Welch is an individual who resides in Dallas, Texas.

2. Defendant Rocky Mountain High Brands, Inc. is a Nevada corporation with its principal place of business in Collin County, Texas located at 1000 Shiloh Rd., Ste. 200, Plano, Texas 75074. It can be served with process through its registered agent, David Seeberger, at 1000 Shiloh Rd., Ste. 200, Plano, Texas 75074.

3. Defendant David Seeberger is an individual residing in Dallas County, Texas. He may be served at 1252 N. Selva, Dallas, TX 75218 or wherever he may be found.

4. Defendant Charles Smith is an individual residing in Denton County, Texas. He may be served at 479 Medina Dr.; Highland Village, TX 75077 or wherever he may be found.

## II. VENUE AND JURISDICTION

5. Subject-matter jurisdiction in this matter is based upon federal question jurisdiction, 28 U.S.C. § 1331, because Plaintiff alleges a cause of action under federal law, namely the Fair Labor Standards Act. *See* 29 U.S.C. § 201, *et seq*. This Court also has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367(a) because all claims alleged herein form part of the same case or controversy.

6. The Court has personal jurisdiction over Defendants based on both general and specific jurisdiction. During all times relevant to this lawsuit, Defendants have done business in the State of Texas and continue to do business in the State of Texas.

7. Venue is proper in this Court because: (1) RMHB does business in this Division and District; (2) a substantial part of the events giving rise to Plaintiff's claims occurred in this Division and District; and (3) the parties agreed to jurisdiction and venue in this Division and District.

## III. BACKGROUND FACTS

A. **Welch's Employment with RMHB**

8. Plaintiff Michael Welch was employed by RMHB in various positions from January 4, 2016 to August 31, 2020. At the time of his resignation effective August 30, 2020, Welch was RMHB's Chief Operating Officer and Chairman of RMHB's Board of Directors.

9. Welch initially accepted employment with RMHB as its Chief Financial Officer effective January 4, 2016.

10. On February 1, 2018, Welch executed an employment agreement with RMHB while he was President, Chief Executive Officer, and Chairman of the Board of Directors of RMHB (the "Agreement"), which was executed by Seeberger on behalf of RMHB.

11. Pursuant to Section 4.1 of the Agreement, RMHB was obligated to pay Welch an "annual rate of base salary of $150,000."

12. Pursuant to Section 4.7 of the Agreement, RMHB was obligated to reimburse Welch for "all reasonable and necessary out-of-pocket business expenses" he incurred "in connection with the performance of [Welch's] duties."

13. In April 2020, as a result of business difficulties during the initial stages of the COVID-19 pandemic, RMHB instituted a policy whereby 15% of employee salaries would be deferred to payment at the end of 2020 or upon an employee's separation of employment, whichever occurred first.

14. Additionally, to reflect an agreed change in Welch's role with RMHB, Welch and RMHB executed an amendment to the Agreement on May 11, 2020, reflecting that Welch would be the company's Chief Operating Officer and continue to serve as Chairman of the company's Board of Directors.

15. On August 1, 2020, and pursuant to the terms of the Agreement, Welch provided RMHB with 30 days' notice of his resignation, and Welch's last day working for RMHB was August 30, 2020.

**B. RMHB's Corporate Credit Cards**

16. During his employment with RMHB, two corporate credit cards were issued to the company—one with Bank of America and another with Comerica Bank—requiring a corporate officer to execute a personal guaranty to secure them. Both cards were used exclusively for corporate expenses and had many recurring monthly corporate charges tied to them.

17. Welch executed the personal guaranty to secure both corporate credit cards in reliance on RMHB's promise that it would pay the balances and that Welch would not be required to do so.

18. Despite RMHB's promise to pay the balances of the corporate credit cards, RMHB has failed to make any payments on either card since October 2020, and the cards now have combined outstanding balances of more than $39,000.

19. Because of the outstanding balances that RMBH has refused to pay, Welch is personally liable for payment of the corporate credit cards, he receives daily collections calls, and the delinquent status of the cards adversely affects Welch's personal credit.

### C. RMHB's Failure to Pay Welch's Wages

20. Despite RMHB's promise to do so, it did not pay Welch the 15% of his deferred salary accumulated from April 15 to August 30, 2020.

21. In fact, the last paycheck Welch received was dated July 31, 2020 and was for compensation for the period from July 12 to July 25, 2020.

22. RMHB has not paid Welch any wages for the period from July 26, 2020 to August 30, 2020.

23. RMHB's failure to pay Welch's wages is in direct violation of Section 4.1 of the Agreement.

24. Moreover, because RMHB failed to pay any wages at all to Welch, for the period from July 25 through August 30, 2020, RMHB did not pay Welch a salary of at least $684. To maintain the executive exemption to the Fair Labor Standard Act's (FLSA) overtime compensation provisions, RMHB was required to pay Welch at least $684 per week. No other potential exemptions applied to Welch.

25. Because Welch was not exempt from the FLSA's overtime compensation provisions, Welch was entitled to be paid 1.5x the regular rate for all hours worked over 40. Welch worked in excess of 40 hours per week during the relevant period but was not paid any wages at all, much less the overtime compensation to which he was entitled.

**D. RMHB's Failure to Reimburse Welch's Expenses**

26. In January 2020, Welch paid RMHB's $30,000 fee for participation in the U.S. Hemp Roundtable, a coalition of leading companies and organizations committed to safe hemp and CBD products and of which RMHB was a member. Welch used his personal American Express card to pay the fee.

27. In November 2020, RMHB issued a press release touting the importance of membership in the U.S. Hemp Roundtable, stating that "Our service on the U.S. Hemp Roundtable Board has been extremely valuable in terms of providing us with inside information on what is ahead in terms of regulations and providing valuable connections in the industry."

28. The U.S. Hemp Roundtable fee was a reasonable and necessary out-of-pocket business expense.

29. Moreover, Welch paid the fee in reliance on Seeberger's promise, on behalf of RMHB, that RMHB would reimburse Welch for the fees within six months.

30. In direct violation of Section 4.7 of the Agreement and in spite of Seeberger's promise, RMHB reimbursed Welch for only $10,000 of the $30,000 fee.

31. To date, RMHB has refused to reimburse Welch for the remaining $20,000 for the 2020 membership in the U.S. Hemp Roundtable.

## IV.   CAUSES OF ACTION

**A.   Violation of the Fair Labor Standards Act (Against All Defendants)**

32.   Welch incorporates the preceding paragraphs by reference as if set forth fully in this section.

33.   At all relevant times, Welch was an employee of Defendants pursuant to the FLSA.

34.   At all relevant times, Defendants were covered employers pursuant to the FLSA.

35.   At all relevant times, Defendants are and have been an enterprise engaged in commerce, as that phrase is used in connection with the FLSA.

36.   Seeberger was Chief Executive Officer of RMHB and a member of the Board of Directors at all relevant times. Smith was Chief Executive Officer of an RMHB subsidiary, Rocky Mountain Productions, Inc. ("RMP"). RMP operates RMHB's commercial bottling operation in Plano, Texas, which is RMHB's primary source of revenue. Smith was also a member of RMHB's Board of Directors. Together, Seeberger and Smith made all decisions impacting the day-to-day operations of RMHB and had responsibility for RMHB's compliance with the FLSA with respect to RMHB's employees.

37.   Additionally, Seeberger and Smith had the power to hire and fire employees, supervise and/or control employees' work schedules and/or work conditions of employment, determine employees' rate or method of pay, and control/maintain employees' records. In particular, Seeberger and Smith were in control of whether Welch's wages were or were not paid. Seeberger and Smith also directly controlled which vendors and which outstanding accounts payables were paid.

38.   Defendants failed to pay Welch wages for the period from July 25 through August 30, 2020, including overtime compensation at a rate of one and one-half time his regular rate of

pay for all hours worked over 40 in each workweek.

39. Defendants' failure to pay Welch overtime compensation for all hours worked in excess of 40 in a workweek during the relevant period is a violation of the FLSA.

40. Defendants' failure to pay Welch at least minimum wage during the relevant period is a violation of the FLSA.

41. Defendants did not maintain accurate records of the hours worked by Welch during the period from July 25 through August 30, 2020.

42. At all relevant times, Defendants were aware of the overtime and minimum wage requirements of the FLSA.

43. Defendants violations of the FLSA are willful within the meaning of 29 U.S.C. § 255(a).

44. At all relevant times, Defendants were aware that Welch worked in excess of 40 hours each workweek but was not paid one and one-half times his regular rate of pay for all hours worked in excess of 40 in each such workweek.

**B.     Breach of Contract (Against RMHB)**

45. Welch incorporates the preceding paragraphs by reference as if set forth fully in this section.

46. The Agreement is a valid, enforceable agreement.

47. Welch is a proper party to bring suit for breach of the Agreement.

48. Welch performed his contractual obligations under the Agreement.

49. RMHB breached the Agreement by failing to pay Welch's wages pursuant to Section 4.1 and failing to reimburse his reasonable and necessary business expenses pursuant to Section 4.7.

50. RMHB's breach of the Agreement has caused damages to Welch.

**C.     Promissory Estoppel (Against All Defendants)**

51. Welch incorporates the preceding paragraphs by reference as if set forth fully in this section.

52. Defendants promised Welch that RMHB would reimburse the U.S. Hemp Roundtable fee and that RMHB would make all necessary payments on the corporate credit cards.

53. Welch reasonably and substantially relied on Defendants' promises to his detriment by paying the U.S. Hemp Roundtable fee and by executing the personal guaranty on the corporate credit cards.

54. Welch's reliance on Defendants' promises was foreseeable by Defendants.

55. Injustice can be avoided only by enforcing Defendants' promises.

## V.     ATTORNEYS' FEES

56. Pursuant to 29 U.S.C. § 216(b), Welch is entitled to recover his reasonable and necessary attorneys' fees and costs incurred in prosecuting his claims under the FLSA. Additionally, pursuant to Texas Civil Practices & Remedies Code § 38.001, Welch is entitled to recover his reasonable and necessary attorneys' fees and costs incurred in prosecuting his breach of contract claim.

## VI.     JURY DEMAND

57. Welch hereby demands a trial by jury on all the issues so triable in this matter in accordance with Federal Rule of Civil Procedure 38(b).

## VII.     PRAYER

WHEREFORE, Plaintiff Michael Welch respectfully prays that the Court enter a judgment for Plaintiff against Defendants as follows:

  a.  Unpaid wages;

  b.  Actual damages;

  c.  Reliance damages;

  d.  Liquidated damages;

  e.  Attorneys' fees and costs;

  f.  Pre-judgment and post-judgment interest; and

  g.  Such other and further relief as the Court may deem just and proper.

Dated: April 7, 2021

            Respectfully submitted,

            GRAY REED & McGRAW LLP

          By: */s/ Jacob A. Lewis*
            Jacob A. Lewis
            Texas Bar No. 24087924
            jlewis@grayreed.com
            Claire Piepenburg
            Texas Bar No. 24097329
            cpiepenburg@grayreed.com

            1601 Elm Street, Suite 4600
            Dallas, Texas 75201
            (214) 954-4135
            (214) 953-1332 (Facsimile)

            **ATTORNEYS FOR PLAINTIFF**